Solon Decorating Company v. Commissioner.
Solon Decorating Co. v. Commissioner
Docket No. 54699.
United States Tax Court
T.C. Memo 1957-35; 1957 Tax Ct. Memo LEXIS 213; 16 T.C.M. (CCH) 161; T.C.M. (RIA) 57035; February 28, 1957
*213 Held, wages paid by petitioner in the business of a painting and paper-hanging contractor, which were in violation of Defense Production Act, were properly disallowed under the authority of Sidney Zehman, et al., 27 T.C. - (Feb. 28, 1957) and Weather-Seal Manufacturing Co., 16 T.C. 1312. Jerome N. Curtis, Esq., and Richard Katcher, Esq., B. F. Keith Building, Cleveland, Ohio, for the petitioner. Maurice B. Townsend, Jr., Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's income tax for the taxable year ended February 28, 1953 in the sum of $1,080. All of the facts were stipulated and the question presented is the correctness of respondent's disallowance of wage payments in the sum of *214 $3,600, which sum was stipulated to have been composed of wage payments in excess of an amount determined as allowable by the Wage Stabilization Board. [Findings of Fact] Petitioner is a corporation with its principal place of business at Cleveland, Ohio, and it filed its income tax return for 1953 with the district director of internal revenue at ClevelandOhio. Petitioner was engaged in the business of a painting and paper-hanging contractor. In order to perform the services it employed painters and paper-hangers and it sold the necessary materials. Petitioner made certain wage payments to its employees in contravention of the Defense Production Act of 1950. On July 24, 1953, the Wage Stabilization Board (National Enforcement Commission) forwarded to the Commissioner of Internal Revenue a Certificate of Disallowance advising him that $3,600 of taxpayer's wage payments in 1953 had been found to be in contravention of the Defense Production Act and for the purpose of calculating deductions under the Revenue Laws of the United States the amount of $3,600 was to be disregarded. Acting pursuant to the Certificate of Disallowance, respondent disallowed the deduction of $3,600, *215 resulting in the full amount of the deficiency. [Opinion] The question here is the same question that was presented in Sidney Zehman, et al., 27 T.C. - (Feb. 28, 1957 this day decided. The only difference is that here the taxpayer was a painting and paper-hanging contractor while in the above case the taxpayer was a building contractor. Identical briefs of the law involved were filed by the same counsel representing the taxpayers and respondent in both cases. The only different in the briefs is the slight difference made necessary by the fact that one taxpayer was a building contractor and the other a painting and paper-hanging contractor. Here, as in the Zehman case, supra, the taxpayer makes the argument that the wages involved represent its capital as part of the services sold and as such, the deduction is not under section 23(a) of the 1939 Internal Revenue Code. The argument is that the deduction should be made from gross receipts before arrival at a gross income amount, the same as the cost of goods sold must be deducted from receipts of sale in order to arrive at the income that can be taxed under the Sixteenth Amendment to the Constitution of the United States. We *216 held this argument unsound in the Zehman case upon the authority of Weather-Seal Manufacturing Co., 16 T.C. 1312. We reach the same result upon the same authority here. Decision will be entered for the respondent.